## Beard v. Commonwealth.

(Decided April 21, 1925.)

### Appeal from Laurel Circuit Court.

Criminal Law—Evidence, Agreed to be Admitted by Prosecutor, to Avoid Continuance, Improperly Refused.—Where material witness had been subpoenaed but did not appear, and accused moved for continuance, affidavit of accused, as to testimony of absent witness, which prosecutor agreed to admit as deposition of absent witness, held improperly rejected; accused not having taken compulsory process for absent witness after trial began in reliance on agreement.

LEWIS & LEWIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, Beard, was charged with the offense of unlawfully having in possession a moonshine still and found guilty, fined $400.00 and sentenced to the county jail for a term of three months. He appeals.

Appellant sets forth in his brief a number of grounds for which he says the judgment should be reversed. Among them are: Error of the court in overruling demurrer to the indictment; error of the court in overruling appellant's motion for a continuance; error of the court in admitting incompetent evidence against ap-

pellant; error of the court in rejecting competent evidence, and error of the court in instructing the jury.

We have examined these several grounds and find no merit in any of them save that the court rejected competent and relevant evidence offered by appellant at the trial in rejecting the affidavit of appellant filed for continuance and which it was agreed by the Commonwealth at the time the motion for continuance was overruled should be read as the deposition of the absent witness, Sim Bowling. When the case was called for trial the Commonwealth announced ready, but appellant, Beard, announced not ready, and moved for a continuance. In support of his motion he filed his affidavit stating that he had theretofore, on the 24th day of October, 1924, caused the clerk of the Laurel circuit court to issue subpoena for Sim Bowling as a witness for the defendant in the case of Commonwealth v. J. B. Beard, pending in the Laurel circuit court, which subpoena was on the 26th of October executed on Bowling; that the witness, Bowling, was not present in court at the time the case was called, but that his absence was not by the procurement or consent of the affiant; that he believed he could obtain his attendance at the next term of court; that the witness resided about six miles from the city of London, in Laurel county, and within the jurisdiction of the court; that if the witness were present and sworn he would truthfully testify that on Tuesday evening about sundown of the day the still was found on the premises of appellant, the witness Bowling visited the home of appellant to collect a debt; that appellant and a small boy named Doan were at appellant's home and that while witness was there appellant sent the boy to Will Moore's after Charles Robinson; that later Robinson came to appellant's house and appellant asked Robinson if he (Robinson) had a still on Beard's place and that Robinson then said in substance that he did have, whereupon appellant then said to Robinson to get the still off his premises at once; that appellant was going to go after an officer and have it cut up and that Robinson then left immediately and went away; that soon thereafter the witness and appellant left the Beard home and went to Altamont to see John Scott, a deputy sheriff, to get him to go cut up the still, and when they got to Altamont they received information that the deputy sheriff had gone to a doctor, and that the witness and appellant then turned and went back to the home of Beard; and further

that appellant was preparing to go to London to get an officer to cut up the still when Charles Robinson, the owner of the still, came back to Beard's house and told appellant in the presence of the witness that he had moved his still from its site and was trying to get it off the premises of appellant, and that while this conversation was going on the officers who made the search and found the still appeared on the premises and soon thereafter found the still on appellant's premises.

In view of the fact that appellant's defense was that the still belonged to Robinson and that appellant had no interest in it and nothing to do with it, the evidence of the witness, Sim Bowling, was very important to his defense. The motion for a continuance was overruled when the attorney for the Commonwealth announced in open court that he would permit the reading of the affidavit as the testimony of the absent witness subject to relevancy and competency. The motion for continuance appears to have been overruled upon the theory that the affidavit of appellant for continuance might be read as the deposition of the absent witness. It was the appearance term of the court. The case proceeded to trial. The absent witness, Sim Bowling, did not appear during the trial. The appellant offered to read the affidavit as his deposition but the court overruled this motion on the ground that appellant did not use diligence to obtain his attendance. This was error. It was agreed by the attorney for the Commonwealth that the affidavit of appellant might be read as the deposition of the witness, Sim Bowling, in order to avoid a continuance. The appellant relied upon this agreement made in open court by the attorney for the Commonwealth and did not take compulsory process for the absent witness after the trial began. The court should have allowed the affidavit to have been read as the deposition of Sim Bowling. It was error to overrule appellant's motion to read the affidavit as such evidence. As this was the only evidence fully corroborating appellant in his theory of the case it was prejudicial error to refuse to allow it to be read.

For this error the judgment is reversed for new trial.